■ EASTERN AIR LINES, INC., Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Respondents' cross motion to dismiss the petition in this proceeding under section 298 of the Executive Law and CPLR article 78 as untimely, is unanimously denied, without costs and without disbursements, and respondents are directed to serve and file an answer to the petition within 10 days after service of a copy of the order hereon, with notice of entry, and the petitioner may resubmit the matter to this court for a determination on the merits on 10 days' notice. (See CPLR 404, subd [a]; 7804, subd [f].) Pending such answer and resubmission, the determination of the petition by this court is held in abeyance. The original decision of the State Human Rights Appeal Board was made on February 25, 1977. Petitioner moved for reopening and modification or rescission of that decision by notice of motion dated March 7, 1977. The appeal board denied that motion by order dated July 13, 1977. This petition to review the determination of the appeal board was made by notice of motion dated August 10, 1977 and returnable September 7, 1977. Section 298 of the Executive Law requires that a proceeding to review a determination of the appeal board "must be instituted within thirty days after the service" of the appeal board's order. This proceeding was obviously instituted more than 30 days after the February 27 order and less than 30 days after the July 13 order. Normally a motion to reargue a decision, where there is no statutory

provision for such reargument, does not extend the time to appeal from the original decision, at least if the motion for reargument is denied. In the present case, however, we think that respondents are estopped to urge that claim for these reasons: In its motion for reopening, dated March 7, 1977, petitioner requested the appeal board to act on the motion prior to the expiration of the 30-day period within which petitioner would have to seek judicial review of the appeal board's order and stated that that period would expire on March 30, 1977. The appeal board, as was its right, did not decide the motion for reopening before March 30, 1977. But in opposition to the cross motion to dismiss the petition, petitioner's attorney states under oath that on March 23, 1977, after the service of the notice of motion for reopening, petitioner's attorney was contacted by a staff member from the appeal board, a Mr. Dominick, who informed petitioner's attorney that under the appeal board's procedural rules the filing of a motion to reopen under the board's rule 18 (which provides for motions for reopening) had the effect of staying the appeal board's order and that the 30-day period for seeking judicial review would commence as of the date the appeal board served its order after considering the motion. This statement is not contradicted by respondents. That Mr. Dominick was not acting irresponsibly or without authority is demonstrated by the fact that when the appeal board denied the reopening on July 13, 1977, it included in its order of denial the following statement: "Respondent-Appellant may obtain judicial review of this Order and our original Order, dated February 25, 1977, within thirty days of service of this Order." Looked at in a different light, this statement indicates that although the appeal board in form was denying the motion for reopening, the effect of what it was doing was to grant the motion for reopening, and on such grant, to adhere to its original decision, a procedure which again traditionally extends the time to appeal. Concur—Murphy, P. J., Birns, Silverman and Markewich, JJ.